## Harriett Delafield v. City of Bowling Green.

### City Street Assessment.

The owner of a city lot through which the city desired to run and improve a street agreed to relinquish the lot in consideration that the city would convey to him a vacated street. Having stood by and allowed the improved street to be made under the agreement, and having full knowledge of the city's authority to assess a part of the cost upon him, he can not thereafter raise a question as to the regularity of the proceedings taken to collect the assessment without specifying wherein the irregularity consists.

### Evidence Not Prejudicial.

Where a part of the evidence accepted and allowed by the court is inadmissible and should have been rejected, but still if all of such improper evidence had been stricken out there would still be enough to support the judgment, the error of admitting such evidence can not be held to be prejudicial to appellant.

### APPEAL FROM WARREN CIRCUIT COURT.

#### February 26, 1881.

Opinion by Judge Hines:

General E. M. Covington, being the owner of fifty acres of land, caused it to be embraced in the corporate limits of Bowling Green in 1850, and subsequently to be laid off into lots separated by streets and alleys. After his death, by a proceeding in court for that pur-

pose, these lots were apportioned between his heirs, and in the settlement appellant became the owner of Lot No. 49. Along the border of that lot was a street known as Potter street, which the city desired to close and dispose of, and in lieu thereof to open another street through the same lot. To enable the city to dispose of its interest in the old street an act of the legislature was passed (Acts March 18, 1871, Ch. 1662, § 7). It was then agreed between the city and appellant that, in consideration of appellant's permitting another street to be opened through Lot No. 49, the city would convey its interest in old Potter street to appellant.

Under this agreement the city caused the new street to be opened, graded and paved. After the completion of the new street, the paving being done at the expense of the lot owner, as authorized by the charter, appellant instituted this action against the city to enjoin the collection of the assessment, and to test the question as to the right of the city to make conveyance of old Potter street. The pleadings do not deny the title of the city to the street, but, upon this point, raise only the question as to the authority of the city to make title as against the public, and not as against a claimant of the fee in reversion. The substance of the petition as to the injunction is the charge that the city is proceeding illegally and informally to collect the assessment. There is no allegation of specific defect or irregularity in the manner of making the assessment or in the proceeding to enforce its payment, nor is any question made as to the authority of the city to make the improvement and assess its cost upon appellant. On trial, the temporary injunction was dissolved, and appellant required to accept a conveyance of old Potter street, and from that judgment this appeal is taken.

We deem it unnecessary to enter into a discussion as to the power of the city, under direct legislative grant, to close up streets in which it owns the fee, and to make conveyance of them so as to vest the absolute title in the vendee, since neither the pleadings nor the evidence raise any such question. Appellant did not contract for an absolute fee simple title to old Potter street, but only for such right as the city had to the use of the street, and that appellant unquestionably has. Appellant's title and that of the city come from the same source, and with that title appellant was perfectly familiar. There was no warranty, no fraud and no deceit, but clearly an agreement in good faith to accept whatever right the city had, upon the faith of which agreement the city made the improvements

on the new street. This knowledge and acquiescence estops the appellant to question the city's title.

Appellant, having stood by and allowed these improvements to be made under the agreement and with full knowledge of the authority of the city to assess the cost upon appellant, can not now raise the question as to the regularity of the proceedings taken to collect the assessment without specifying wherein that irregularity consists. The right to do the thing not being denied to the city, the burden of proof is on appellant to establish a cause for interference by the court. In this she has failed. There is nothing in the case to show any irregularity that would invalidate the proceedings of the city to subject the property. The injunction was properly dissolved.

Appellant was not entitled to costs. Her action was not in form for the purpose of compelling a conveyance, but rather to determine the right of the city to make the conveyance, but if it had been in that form the costs go as an incident to the judgment against the unsuccessful party. Beside, the evidence does not show the city in default in not tendering a conveyance that appellant has never manifested a willingness to accept.

Some portion of the evidence accepted should have been rejected, but when all of such improper evidence is stricken out there is enough to support the judgment. Its admision was not prejudicial to appellant.

Judgment *affirmed.*

*H. T. Clark, for appellant.*

*B. F. Proctor, for appellee.*

